UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-61964-ROSENBERG

STRONGWAY TOOLS, L.L.C.,

    Plaintiff,

v.

SERHII IVIN,

    Defendant.
_____/

## ORDER GRANTING THE DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on the Defendant's second Motion to Dismiss at docket entry 42. The Motion has been fully briefed, and the Court previously granted the Defendant's first Motion to Dismiss on the basis that it could discern no connection between this case and the State of Florida. DE 40. The Plaintiff responded to the Court's dismissal by filing a First Amended Complaint that alleges, *inter alia*, that "Defendant is not subject to jurisdiction in any state's court of general jurisdiction." DE 41 at 2. For the reasons set forth below, the Court again grants the Defendant's Motion to Dismiss, this time without leave to amend.

This is a case about trademark and copyright infringement.[1] The Plaintiff is a limited liability company with a single member: Oleksii Lyzohub. DE 37-1. As best as the Court can discern, Oleksii Lyzohub is a Ukrainian citizen.[2] The Plaintiff has sued Serhii Ivin, who is also a Ukrainian citizen, alleging that Serhii Ivin sells products (such as axes) on the internet that infringe upon the Plaintiff's products.

The parties agree that for this Court to exercise personal jurisdiction over Serhii Ivin the exercise of jurisdiction must not offend the Constitution. *E.g., Dee-K Enters., Inc. v. Heveafil Sdn.*

---
[1] The Plaintiff has brought additional causes of action as well.
[2] By way of example, Oleksii Lyzohub executed his declaration in this case while inside Ukraine. DE 37-1.

*Bhd.*, 982 F. Supp. 1138, 1144 (E.D. Va. 1997).  In order to not offend the Constitution, Serhii Ivin must have "purposefully availed" himself of the benefits and laws of the United States.[3] *See Hanson v. Denckla*, 357 U.S. 235, 253 (1958).  Additionally, the Court's exercise of jurisdiction over Serhii Ivin must be fair and reasonable. *See World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  Although the Court cannot discern from the Plaintiff's First Amended Complaint just how, specifically, Serhii Ivin is alleged to have purposefully availed himself of the benefit of the laws of the United States,[4] the Court turns to the second inquiry focused on fairness and reasonableness.

When determining whether the exercise of jurisdiction would be fair and reasonable, courts must weigh: (1) the burden on the defendant, (2) the interests of the forum, (3) the plaintiff's interest in obtaining relief, and (4) the efficient resolution of controversies between potential forums.[5] *Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 989, 945-46 (4th Cir. 1994).  The Court applies the factors to this case.

The burden on Defendant Serhii Ivin, should litigation in this Court proceed, is great indeed.  Not only is Serhii Ivin a Ukrainian citizen who attests to no ties to the United States, but he is also currently a member of the armed forces of Ukraine; he is actively fighting the Russian invasion of that country. DE 42-5, 42-6.  As federal courts have noted, "the burden of defending a suit in a foreign jurisdiction is particularly severe where the defendant is a resident of a foreign nation." *Freedom Wireless, Inc. v. Boston Comms. Grp., Inc.*, 218 F. Supp. 2d 19, 25 (D. Mass. 2002).  This factor weighs strongly against the exercise of personal jurisdiction over Serhii Ivin.

---

[3] Although the Court would normally analyze whether the Defendant has ever purposefully availed himself of the laws of Florida, the Plaintiff has in part premised its personal jurisdiction argument on Rule 4(k)(2), which permits the exercise of personal jurisdiction over a defendant when, as here, the defendant contends that he is not subject to the personal jurisdiction of any State.

[4] The Plaintiff alleges (and Serhii Ivin might concede) that Serhii Ivin sold one item to a Florida resident over the internet.  The Court is uncertain if the Plaintiff believes that this transaction is sufficient to establish purposeful availment for the Plaintiff's infringement claims.

[5] There is a fifth factor, which considers the furtherance of social policies, but that factor is essentially a reiteration of the second factor, at least in the instant case.

The United States, and to a lesser extent, Florida, does have some interest in the resolution of this case as the Plaintiff has filed suit on the premise that Serhii Ivin violated federal and Florida law. However, Serhii Ivin is alleged to sell potentially infringing products in more countries than just the United States—the United States is not the only forum with an interest in this case. Given that this case is in essence a dispute between two citizens of Ukraine, Ukraine also has a substantial interest. This factor might weigh slightly in favor of the exercise of personal jurisdiction over Serhii Ivin in the United States.

The Plaintiff does have some interest in obtaining relief in the United States, as the Plaintiff is an artificial business entity created under the laws of Florida. However, given that the Plaintiff's damages arguably accrued[6] in Ukraine—not in Florida—the Plaintiff's interest in relief in this country is limited. Stated differently, while the burden on Defendant Serhii Ivin to litigate in this country is very great, the burden on the Plaintiff to litigate in Ukraine is slight—the Plaintiff's sole owner and executive is very likely a Ukrainian citizen who has, at least during some of the time in this case, been residing in Ukraine. As the Supreme Court has noted, when a plaintiff is not a resident of the forum state, the forum's legitimate interests in the dispute are "considerably diminished." *Asahi Metal Ind. Co., Ltd. v. Solano Cnty.*, 480 U.S. 102, 114-15 (1987). This factor may be neutral but is, at best, only slight in favor of the exercise of personal jurisdiction.

As for the efficient resolution of the parties' dispute, any judgment the Plaintiff would obtain in the United States could only be enforced against Serhii Ivin personally in the Ukraine, resulting in potentially more litigation and disputes. However, certain channels of commerce in the United States (such as Etsy, which the parties use) might be immediately impacted by a federal judgment, so the Court finds that this factor is neutral.

---

[6] *E.g., Hartoy Inc. v. Thompson*, No. 02-CIV-80454, 2003 WL 21468079, at *2 (S.D. Fla. Jan. 29, 2003).

In summary, the Supreme Court has warned that "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi*, 480 U.S. at 115. In such cases, the interests of the defendant's home nation, "as well as the Federal Government's interest in its foreign relations policies, will best be served by a careful inquiry into the reasonableness of the assertion of jurisdiction in the particular case, and an *unwillingness to find the serious burdens on an alien defendant outweighed by minimal interests on the part of the plaintiff or the forum State*." *Id.* (emphasis added). With this principle in mind, and taking all factors into account, the Court concludes that it would not be fair and reasonable for this Court to exercise personal jurisdiction over Serhii Ivin. This is in essence a dispute between a Ukrainian citizen[7] and another Ukrainian citizen, which arose out of an employment relationship that was based in Ukraine, and which is also based upon actions that occurred in Ukraine. True, the Plaintiff seeks relief under the federal law of the United States, but the case-specific factors weigh against the exercise of personal jurisdiction. The Defendant's second Motion to Dismiss is granted, and because the Plaintiff has had adequate opportunities to amend in this ten-month-old case, the Court's dismissal is without leave to amend.

For the foregoing reasons, it is **ORDERED** that the Clerk of the Court shall **CLOSE THIS CASE** and the Plaintiff's First Amended Complaint is **DISMISSED FOR LACK OF PERSONAL JURISDICTION**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 28th day of August, 2024.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

---

[7] Limited liability companies, at least for diversity purposes, take on the citizenship of their members. *E.g., Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004).